**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHN PAUL HARMAN                                                                    PLAINTIFF
ADC #111201

V.                                          NO: 5:07CV00253 JLH/HDY

MIKE BEEBE *et al.*                                                               DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes. Any party may serve and file written objections to this recommendation. Objections should

be specific and should include the factual or legal basis for the objection. If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection. An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

hearing before the District Judge in the form of an offer of
proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, incarcerated at the North Central Unit of the Arkansas Department of Correction

("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on September

28, 2007. For the reasons set forth below, Plaintiff's complaint should be dismissed.

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its

review, the Court is mindful that a complaint should be dismissed for failure to state a claim only

if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims

that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651

(8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a

plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. .

. .” *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, such liberal pleading

standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n.

9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter

of law, and must not be merely conclusory in its allegations.  *Martin v. Sargent*, 780 F.2d 1334, 1337

(8th Cir. 1985).

## II.  Plaintiff's complaint

According to Plaintiff's complaint, he passed his transfer eligibility date on April 25, 2000,

and thereafter became a "slave" to the state of Arkansas.  Plaintiff further asserts that he completed

a sexual offender program on January 31, 2001, and has submitted several parole plans, but they

have all been denied.   Plaintiff seeks an order directing that the Department of Community

Correction run a unit for inmates who have been granted parole, that good time be applied to the total

length of his sentence, and that he be paid or compensated for time served past his transfer eligibility

date.[1]

## III.  Analysis

Plaintiff's claim for damages should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S.

477, 486-7 (1994).  In *Heck,* the Court held that if a judgment in favor of a prisoner in a § 1983

action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence,

then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into

question by issuance of a federal writ of *habeas corpus*.  In this particular case, Plaintiff is asking

the Court to order that he be paid or compensated based on his incarceration beyond his transfer

---

[1]Plaintiff also asserts that his "Due Process" was denied in his attempt to get his case together, which was blocking his access to the Courts.  However, Plaintiff has identified no harm that has come to him in this case as a result of the alleged violation of his right to Court access.  *See Lewis v. Casey*, 518 U.S. 343, 350-353 (1996) (to prevail on an access-to-courts claim, prisoner must show actual injury).

eligibility date.  There is no indication that Plaintiff's sentence has been reversed, expunged or called

into question by issuance of a federal writ of *habeas corpus*.  If the Court were to find in Plaintiff's

favor, it would certainly imply the invalidity of his continued imprisonment.  Thus, Plaintiff's

complaint falls within *Heck, supra*, and must be dismissed for failure to state a claim upon which

relief may be granted.[2]

Furthermore, Plaintiff has not otherwise stated a claim for relief.  Plaintiff has no

fundamental right to parole, *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*,

442 U.S. 1, 7 (1979); and nothing in the Arkansas statutes creates a right of an inmate to be released

on parole.  *Hamilton v. Brownlee,* 2007 WL 1655681 (unpub. per curiam).  Likewise, Plaintiff's

contention that the Department of Community Correction should have a housing facility for

individuals of his status fails because prisoners have no right to be held in a particular facility.  Once

convicted, an inmate's confinement in any state institution is "within the normal limits or range of

custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215,

225 (1976).

To the extent that Plaintiff contends he should be paid for work he performed in prison after

his transfer edibility date, he is mistaken.  The Eighth Circuit Court of Appeals has held that there

is no constitutional right to prison wages, and "any such compensation is by the grace of the state."

*Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir.1986).

### IV.  Conclusion

IT  IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint (docket entry #2) be DISMISSED WITH PREJUDICE for

---

[2]It is not entirely clear whether or not Plaintiff is seeking his release.  If so, Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254.

failure to state a claim upon which relief may be granted.

       2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

       3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action be considered frivolous and not in good faith.

      DATED this __17___ day of October, 2007.


                                          _____
                                          UNITED STATES MAGISTRATE JUDGE